## ALEXANDER B. WOLCOTT *vs*. GEORGE W. MEAD.

Under the Rev. Sts. *c*. 113, a writ of replevin may be delivered to an officer, and he may commence the service thereof, before taking a bond from the plaintiff; but he cannot deliver the property to the plaintiff, nor do any thing more than is necessary to effect an appraisement of the property, until the plaintiff has given the bond required by the statute.

It is not necessary that it should appear, in an officer's return of a writ of replevin, either that the defendant was requested, or had notice, to appoint an appraiser of the property, or that the parties did not agree as to the value thereof.

Though it is the general duty of an officer, who has a writ of replevin, to appoint three appraisers of the property to be replevied, yet he is justified or excused for omitting so to do, when the parties agree as to the value: If the parties do so agree, the officer should certify that fact in his return, when he, for that reason, omits to appoint appraisers.

A defendant in replevin cannot procure a dismissal of the action, because the replevin bond, given by the plaintiff, is with one surety only, unless he specifies that fact distinctly, at the first term, as a cause for dismissal : The action will not be dismissed for that cause, upon a motion which merely states, as a reason for dismissing it, that the officer made his service, or commenced the service, before any bond was given, as the law requires.

THIS was an action of replevin, commenced in the court of common pleas. In that court, the defendant moved that the action should be dismissed, for the following reasons: " Because the officer made his service, or commenced the service, before any bond was given, as the law requires. In

Wolcott *v.* Mead.

addition, the defendant moves that said action be dismissed, because it nowhere appears, either on the officer's return or the certificate of appraisement, that the defendant was requested, or had notice, to choose an appraiser to appraise the property in question ; it appearing by the officer's return, that all the appraisers were appointed by himself, and it not appearing that the parties had an opportunity to agree upon the valuation of the property ; and it not appearing that the parties did not agree upon the value of the property." The court ordered the action to be dismissed, and the plaintiff alleged exceptions to said order.

*Bishop & Wolcott*, for the plaintiff.

*Merwin*, for the defendant.

DEWEY, J. Questions of some importance, as to the service of writs of replevin, have arisen in the present case, which have required a particular consideration of the provisions of the Rev. Sts. *c.* 113, so far as they are applicable to that subject. Upon examination of the statute, the court are of opinion, 1st, that it is not necessary that it appear, in the officer's return, that the defendant was requested, or had notice, to appoint an appraiser to ascertain the value of the property to be replevied. It is the duty of the officer to appoint three discreet and disinterested persons for that purpose.

2d. It is not necessary that it appear, in the officer's return, that the parties did not agree as to the value of the property. If they have thus agreed, and notify that fact to the officer, then he may act upon it. The ordinary general duty of the officer is to appoint appraisers to ascertain the value of the property. The agreement of the parties upon the value is the officer's justification or excuse for not doing it; and that fact should be certified, whenever the officer omits to cause the appraisement by three persons, as directed by the statute.

3d. The officer may commence the service of a writ of replevin before taking a bond from the plaintiff, doing only so much, however, as is necessary to effect an appraisement of the value, preparatory to taking the bond. He has no authority for delivering the property to the plaintiff, to be

taken into his custody, until the plaintiff has given the bond required by the statute ; but the writ may be delivered to the officer, and he may begin to execute it, proceeding only so far as is requisite to enable him to take the proper bond. The writ may therefore be well taken to be made, and in a proper state to be delivered to an officer to commence the service, although the bond is not executed and delivered to the officer.

4th. A question was raised, on the argument, as to the insufficiency of the bond filed in this case, by reason of its having but one surety; the defendant insisting that two sureties are required by the statute. We are of opinion that the present motion to dismiss does not properly raise that question. The ground of the objection, as stated in the original motion to dismiss, is, "because the officer made his service, or commenced the service, before any bond was given, as the law requires."

The bond of the plaintiff, with one surety, was a bond that might have been enforced against the obligors, and could not be avoided by them, for want of conformity to law. *Simonds v. Parker*, 1 Met. 508. There was, therefore, a valid bond taken, although it might not be such a one as the defendant had a right to require. But we think, if he would rely upon this defect in what is otherwise a good and sufficient bond, he must specify it distinctly as the ground of his motion to dismiss. Such motion must be made at the first term, when the action is entered ; and it was too late to raise the objection at the hearing in this court upon the bill of exceptions.

The exceptions are sustained, and the case is to be remanded to the court of common pleas for a new trial.